

SEP 2 9 2014

CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARCHIE ADAM, SR., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:09-cv-251-TMB<br><br><br>O R D E R<br>Re: Application of AS 09.55.549 |

## I. INTRODUCTION

Before the Court are Plaintiffs XXXXXXXXXXX and his parents, Archie Adam, Sr. and

Jolene Goodhope, with a Motion for Ruling as a Matter of Law at Docket No. 25. Section

09.55.549 of the Alaska Statutes limits non-economic compensatory damage awards in tort suits

to $250,000, but AS 09.55.549(f) provides an exception where the plaintiff's damages were

caused by the defendant's reckless or intentional misconduct. Plaintiffs seek a ruling from this

Court that the application of AS 09.55.549(f) to remove the non-economic damages cap would

not violate the prohibition of punitive damages contained in the Federal Tort Claims Act

(FTCA).[1] For the reasons set forth below, Plaintiffs' Motion at Docket 25 is **GRANTED**.

## II. BACKGROUND

Plaintiffs seek compensation for serious complications suffered by XXXXXXXXXXX

during his May 2008 medical treatment at Alaska Native Medical Center (ANMC), Norton

---

[1] 28 U.S.C. § 2674.

1

Exhibit ___1___
pg ___1___ of ___5___

Sound Regional Hospital (NSRH), and Brevig Mission Village Clinic, for an illness that turned out to be meningitis. In addition to pleading negligence, Plaintiffs claim that these medical providers "engaged in reckless misconduct during the course of their diagnosis and treatment."[2] Plaintiffs seek a preliminary ruling that, should they prove at trial that the providers' actions were reckless, the AS 09.55.549(f) exception to limitations on medical malpractice damages would apply.

## III. DISCUSSION

The question before the Court is whether an uncapped award of non-economic damages under the AS 09.55.549(f) exception for reckless or intentional conduct would violate 28 U.S.C. § 2674, which bars an award of punitive damages against the Government in FTCA cases. This precise issue was addressed in *Nayokpuk v. United States*, 2:09-cv-0009 (D. Alaska, Sept. 15, 2011).The court in that case held that 28 U.S.C. § 2674 did not bar recovery of "enhanced" non-economic compensatory damages under AS 09.55.549(f) for the very simple reason that "[c]ompensatory damages, by definition, are not punitive damages."[3]

This Court agrees with that reasoning. The standard definition of "punitive damages" is "[d]amages awarded *in addition to actual damages* when the defendant acted with recklessness, malice, or deceit; specif., damages assessed by way of penalizing the wrongdoer or making an example to others."[4] The non-economic damages that Plaintiffs seek are "actual damages," not a punitive assessment made "in addition to" actual damages. The U.S. Supreme Court has held that

---

[2] Dkt. 25 at 11.

[3] *Nayokpuk* at 6.

[4] Black's Law Dictionary (9th ed. 2009), "damages" (emphasis added).

Exhibit ____1____

pg __2__ of __5__

Case 3:09-cv-00251-TMB   Document 49   Filed 07/05/12   Page 2 of 5

Case 3:12-cv-00241-RRH   Document 47-1   Filed 09/29/14   Page 2 of 5

punitive damages "'are not compensation for injury. Instead, they are private fines levied by civil juries to punish reprehensible conduct and to deter its future occurrence.'"[5] Plaintiffs' requested relief does not go beyond "compensation for injury."

"'It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, ... the sole function of the courts is to enforce it according to its terms.'"[6] In order to successfully rebut Plaintiffs' interpretation of prohibition on punitive damages, the Government must show that the phrase "punitive damages" as used in 28 U.S.C. § 2674 means something other than its traditional, plain usage. The Government would have this Court interpret "punitive damages" to mean damages assessed when and only when the tortfeasor has acted recklessly, even if the damages are compensatory in nature.

Simply put, none of the authorities cited by the Government support this interpretation. The Government cites *United States v. Molzof*, 502 U.S. 301 (1992), in which the Supreme Court held that some damage awards fall in a "gray zone" in which they "are not legally considered 'punitive damages,'" but "are for some reason above and beyond ordinary notions of compensation."[7] The *Molzof* Court then set forth a standard to determine when damages in this "gray area" should be considered "punitive." The Government argues that this Court should apply the standard used by the *Molzof* Court to determine whether damages sought under AS

---

[5] *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 432 (2001) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).

[6] Carson Harbor Village, Ltd. v. Unocal Corp., 270 F.3d 863, 878 ( 9th Cir. 2001) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).

[7] *Molzof* at 308.

3

Exhibit ____1____

pg __3__ of __5__

Case 3:09-cv-00251-TMB   Document 49   Filed 07/05/12   Page 3 of 5
Case 3:09-cv-00251-TMB   Document 97   Filed 03/26/14   Page 3 of 5
Case 3:12-cv-00241-RH   Document 47-1   Filed 09/29/14   Page 3 of 5

09.55.549(f) are "punitive". But the *Molzof* standard is inapplicable, because non-economic damages are not in the "gray zone." The damages sought by Plaintiffs are not "above and beyond ordinary notions of compensation." They are strictly compensatory in nature. No part of the *Molzof* case extends the definition of "punitive damages" to compensatory damages. If anything, the *Molzof* case shrinks the definition of "punitive damages" from its common meaning rather than expands it.

The Government next argues that, even if the Court concludes that the AS 09.55.549(f) exception for reckless or intentional conduct is consonant with the FTCA, Plaintiffs' non-economic damages are nonetheless capped by operation of AS 09.17.010, which governs non-economic damages in personal injury tort cases generally. The Court rejects this argument as well. Section 09.55.549(a) provides that, "[n]otwithstanding AS 09.17.010, noneconomic damages for personal injury or death based on the provision of services by a health care provider may only be awarded as provided in this section." The Court reads this passage as indicating rather explicitly that medical malpractice damages are governed solely by AS 09.55.549, and not AS 09.17.010.

The Government asserts that because AS 09.55.549(f) only removes the damages caps "in this section," the Legislature must have intended that damage caps from other sections could apply. According to the Government, "[h]ad the Legislature intended to allow unlimited damages in actions against medical providers, it could have simply omitted the phrase 'in this section.'"[8] In light of the clear statement at the beginning of AS 09.55.549 that medical malpractice damages would be awarded only according to the provisions of that section, the

---

[8] Dkt. 27 at 13.

Exhibit 1
pg 4 of 5

Case 3:09-cv-00251-TMB   Document 49   Filed 07/05/12   Page 4 of 5
Case 3:09-cv-00251-TMB   Document 97   Filed 03/26/14   Page 4 of 5
Case 3:12-cv-00241-HRH   Document 47-1   Filed 09/29/14   Page 4 of 5

Court disagrees. The most reasonable reading of AS 09.55.549 is that it is the sole statute that governs medical malpractice damages. The Court will not import a damages cap from another section that is specifically identified as not applying to such damages.

## IV. CONCLUSION

The removal of a non-economic damages cap under AS 09.55.549(f) does not constitute an award of "punitive damages" because the damages are compensatory in nature. Furthermore, medical malpractice damages are governed solely by AS 09.55.549, and no other damages caps under Alaska law are applicable. For the foregoing reasons, Plaintiffs' Motion for Ruling as a Matter of Law at Docket No. 25 is **GRANTED**. Plaintiffs' Motion for Hearing at Docket No. 31 is **DENIED AS MOOT**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 5th day of July, 2012.

/s/ Timothy Burgess

Timothy M. Burgess
United States District Judge

5

Exhibit _____1_____
pg __5_ of _5__