IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ANDREW KASAYULI, et al.,

        Plaintiffs,

vs.

UNITED STATES OF AMERICA,

        Defendant.

No. 3:12-cv-0241-HRH

O R D E R

Motion for Ruling of Law
Regarding Plaintiffs' Claims for Damages[1]

Defendant moves for an order ruling as a matter of law, based upon AS 09.55.549(h)(1), that plaintiff Andrew Kasayuli's ability to engage in subsistence hunting and fishing is not compensable as "economic damages" in a malpractice lawsuit.[2] Similarly, defendant seeks a ruling that plaintiffs' damages claims are subject to the collateral source statute expressly applicable to malpractice actions: AS 09.55.548.[3] Plaintiffs oppose defendant's motion on the first foregoing issue.[4] Plaintiffs do not address defendant's

---

[1]Docket No. 28.

[2]See Memorandum in Support of Defendant's Motion for Ruling of Law [etc.] at 1, Docket No. 29.

[3]Id.

[4]Docket No. 41.

second issue in their opposition, but do summarily mention the question of whether or not food stamps are a collateral source.[5]

AS 09.55.549(b) makes provision for the recovery of both economic and non-economic losses by persons injured by health care providers. Subsection 549(h)(1) defines "economic damages" as:

> objectively verifiable monetary losses incurred as a result of the provision of, use of, or payment for, or failure to provide, use, or pay for health care services or medical products, and includes past and future medical expenses, loss of past and future earnings, cost of obtaining domestic services, burial expenses, loss of use of property, cost of replacement or repair, loss of employment, and loss of business or employment opportunities[.]

The introduction of a string of possible losses by the words "and includes" is important. It signals that there may be other, similar categories of economic losses. See Millette v. Millette, 240 P.3d 1217, 1220 (Alaska 2010) ("We interpret enumerated lists beginning with 'including' or 'includes' to be non-exclusive.").

The parties disagree sharply as to whether or not loss of the products from subsistence hunting and fishing should be deemed to be included with "loss of past and future earnings" or "cost of domestic services," the monetary value of which is expressly economic damage under subsection (h)(1). At oral argument, defendant seemed to suggest a way in which plaintiffs could make a subsistence hunting and fishing claim fall within the "domestic services" category. The parties might also have considered the "loss of employment" or " loss of employment opportunities" categories of economic loss. Neither these nor the "loss of past or future earnings" or "cost of domestic services" categories are a perfect fit for plaintiffs' subsistence damage claim. But all of them suggest that subsistence hunting and fishing should be included within the definition of "economic damages."

---

[5]Opposition to Defendant United States' "Motion for Ruling of Law Regarding Plaintiff's Claims for Damages [etc.]" at 2, Docket No. 50.

It is of course a requirement of subsection 549(h)(1) that plaintiffs produce proof establishing an objective, verifiable monetary value of their claim for economic damages based upon the loss of subsistence hunting and fishing. But defendant's argument that the absence of monetary wages or earnings paid in dollars for employment will defeat a claim for loss of subsistence hunting and fishing proceeds places too narrow a meaning on subsection 549(h)(1). The definition of economic losses expressly includes loss of earnings and employment. The subsistence lifestyle – in which the parties appear to agree that plaintiff Andrew Kasayuli was engaged – is a culturally significant and statutorily recognized[6] mode for the support of oneself and one's family. Most city dwellers provide sustenance for themselves and their families by wage (money) paying work, the proceeds of which are used to buy food, housing, clothes, etc. Many residents of rural Alaska (both Native and non-Native) engage in year-round hunting and fishing by which they acquire their food, housing, clothes, etc., off the land or water. The effort of rural residents to support themselves by subsistence hunting and fishing fits well within – and is included as the functional equivalent – of past and future earnings or employment for purposes of subsection 549(h)(1).

Therefore, plaintiffs may endeavor at trial to establish the objective, verifiable, monetary value of lost subsistence hunting and fishing proceeds, if any.

The foregoing holding renders moot plaintiffs' equal protection argument.

---

[6] Alaska National Interest Lands Conservation Act (ANILCA), 16 U.S.C. § 3101(c), and in particular Title VIII, § 3111. AS 16.05.258; AS 16.05.940 (31), (32), and (33), defining subsistence hunting and fishing and use in terms of residents domiciled in rural areas.

Under ANILCA, subsistence hunting and fishing rights are available to all rural residents without any ethnic or racial qualification. Likewise, subsistence hunting and fishing under Alaska law is available to all Alaskans without ethnic or racial qualifications.

In the motion for ruling of law now under consideration, the parties have discussed the applicability of Alaska's malpractice specific collateral source rule.[7] AS 09.55.548(b) provides:

> Except when the collateral source is a federal program that by law must seek subrogation and except death benefits paid under life insurance, a claimant may only recover damages from the defendant that exceed amounts received by the claimant as compensation for the injuries from collateral sources, whether private, group, or governmental, and whether contributory or noncontributory.

This case involves neither collateral sources under federal programs which by law require the Government to seek reimbursement for benefits paid, nor does it involve life insurance.

The parties are in agreement that the foregoing statute could apply in this case. However, in a supplemental opposition brief, plaintiffs summarily argue that "AS 09.55.548 does not apply in this case, at least as a factual matter."[8] The focus of plaintiffs' argument is federally provided food stamp benefits. Plaintiffs argue that because Andrew Kasayuli received food stamps prior to his injury, and presumably is still eligible to receive such benefits, they are not a collateral source for purposes of the above rule.

Subsection 548(b) may apply in this case as to plaintiffs' economic claim for lost subsistence proceeds if the same were replaced by third parties. The above definition of collateral sources expressly includes private parties or groups. However, to fall within the foregoing collateral source rule, the benefits received by a claimant must be "compensation for injuries." Food stamp benefits are not provided if one has suffered injury at the hands of a health care provider.

Defendant's motion for ruling of law is granted in part and denied in part. Lost subsistence hunting and fishing proceeds may be recoverable economic damages if their

---

[7]AS 09.17.070 is a generally applicable, civil damages apportionment statute (a collateral source rule) which does not apply in this case.

[8]Opposition to Defendant United States' "Motion for Ruling of Law Regarding Plaintiff's Claims for Damages [etc.]" at 2, Docket No. 50.

monetary value is objectively verified in accordance with AS 09.55.549(h)(1). The Alaska malpractice case collateral source rule, AS 09.55.548(b), applies. However, that rule applies only to a party's recoveries received as compensation for injuries from private, group, or governmental sources.

Plaintiffs' motion for ruling of law is granted in part and denied in part, as set out above.

DATED at Anchorage, Alaska, this  22nd  day of October, 2014.

/s/ H. Russel Holland
United States District Judge